Filed 3/2/21  P. v. Monroy CA4/3
(unmodified opinion attached)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MARCO ANTONIO MONROY,<br><br>    Defendant and Appellant. | G058919<br><br>(Super. Ct. No. 02CF0424)<br><br>ORDER MODIFYING OPINION;<br>NO CHANGE IN JUDGMENT |

This court hereby orders that the opinion filed herein on February 11, 2021, be modified as follows:

1. On page 6, last paragraph, first sentence, the word "attempted" should be inserted before the word "murder."

This modification does not change the judgment.


MOORE, J.

WE CONCUR:


O'LEARY, P. J.


IKOLA, J.

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>            v.<br><br>MARCO ANTONIO MONROY,<br><br>      Defendant and Appellant. | G058919<br><br>(Super. Ct. No. 02CF0424)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Kimberly Menninger, Judge.  Affirmed.

Tonja R. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Michael Pulos, Lynne G. McGinnis and Nora S. Weyl, Deputy Attorneys General, for Plaintiff and Respondent.

*        *        *

In 2005, defendant Marco Antonio Monroy was convicted of eight counts involving several victims and sentenced to a total term of 25 years, 4 months, plus life with the possibility of parole. One of the counts was attempted murder (Pen. Code, §§ 664, 187).[1] On direct appeal, we affirmed the judgment. (*People v. Monroy* (Dec. 14, 2006, G035580) [nonpub. opn.] (*Monroy I*).)

In January 2020, defendant filed a petition for resentencing in superior court pursuant to section 1170.95. The petition incorrectly stated defendant was convicted of either second degree murder or felony murder. The court summarily denied the petition. We conclude that because defendant was not entitled to relief as a matter of law, the order must be affirmed.

I

FACTS

Because this appeal concerns only an issue of law, we need not review the facts in any detail. A full recitation of the facts can be found in *Monroy I*. Suffice to say that defendant was one of three men who kidnapped, assaulted, and shot one of the victims, which led to the attempted murder charge relevant here. (*Monroy I*, *supra*, G035580.)

II

DISCUSSION

The Legislature adopted Senate Bill No. 1437 (2017-2018 Reg. Sess.) (SB 1437) "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major

---

[1] Subsequent statutory references are to the Penal Code.

2

participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); see § 189, subd. (e).) SB 1437 therefore amended sections 188 and 189 to limit the natural and probable causes doctrine and the felony-murder rule. (See §§ 188, 189, subd. (e).)

Additionally, SB 1437 enacted section 1170.95. Under subdivision (a) of section 1170.95, a person convicted of first or second degree murder may petition a trial court for resentencing "when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder. [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019."

Procedurally, if a petitioning defendant makes a prima facie showing that section 1170.95, subdivision (a) applies, the trial court must appoint counsel and order briefing to determine if relief is appropriate. (§ 1170.95, subd. (c).) "At the hearing to determine whether the petitioner is entitled to relief, the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing. . . ." (§ 1170.95, subd. (d)(3).)

Defendant argues the trial court erred by summarily denying his motion without appointing counsel or holding a hearing, and he further asserts the court erred by deciding that attempted murder is ineligible for relief under section 1170.95. This is a pure legal issue involving statutory interpretation; therefore, our review is de novo. (See *People v. Gonzalez* (2017) 2 Cal.5th 1138, 1141.)

The two issues defendant raises here are intertwined. A petition under section 1170.95 "must include '[a] declaration by the petitioner that he or she is eligible

3

for relief under this section, based on all the requirements of subdivision (a).' (§ 1170.95, subd. (b)(1)(A).) Those requirements are (1) '[a] complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine'; (2) '[t]he petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder'; and (3) '[t]he petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019.' (§ 1170.95, subd. (a).) Second, the petition must include '[t]he superior court case number and year of the petitioner's conviction.' (§ 1170.95, subd. (b)(1)(B).) And finally, the petition must state '[w]hether the petitioner requests the appointment of counsel.' (§ 1170.95, subd. (b)(1)(C).)" (*People v. Cooper* (2020) 54 Cal.App.5th 106, 114.) "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section." (§ 1170.95, subd. (c).) Even if the trial court errs in failing to appoint counsel, any such error is harmless if the defendant is not entitled to relief as a matter of law.[2] (*People v. Daniel* (2020) 57 Cal.App.5th 666, 673.)

Thus, the question we must determine here is whether defendant's conviction for attempted murder, rather than murder, falls within the ambit of section 1170.95. There are two lines of authority, and this issue is under review by the California Supreme Court, which, of course, will have the final say in this matter. In *People v. Lopez* (2019) 38 Cal.App.5th 1087 (*Lopez*), review granted Nov. 13, 2019, S258175; *People v. Munoz* (2019) 39 Cal.App.5th 738 (*Munoz*), review granted Nov. 26, 2019, S258234; *People v. Dennis* (2020) 47 Cal.App.5th 838 (*Dennis*), review granted July 25,

---

[2] We further reject any argument that a denial of counsel in section 1170.95 proceedings is a violation of the Sixth Amendment. (*People v. Anthony* (2019) 32 Cal.App.5th 1102, 1156-1157.)

4

2020, S262184; and *People v. Alaybue* (2020) 51 Cal.App.5th 207, a number of districts (including this one) held that section 1170.95 does not apply to attempted murder. A conflicting line of authority from the Fifth District has reached the opposite conclusion. (See *People v. Medrano* (2019) 42 Cal.App.5th 1001, 1008-1009, review granted Mar. 11, 2020, S259948, *People v. Larios* (2019) 42 Cal.App.5th 956, review granted Feb. 26, 2020, S259983, and *People v. Sanchez* (2020) 46 Cal.App.5th 637, review granted June 10, 2020, S261768.)

The express statutory language of amended sections 188 and 189 state they apply to murder. *Munoz, supra*, 39 Cal.App.5th at page 754, stated: "The plain language of [the amended sections 188 and 189, and section 1170.95] compels the conclusion that Senate Bill 1437 pertains only to murder, not attempted murder."

As the court discussed in *Lopez, supra*, 38 Cal.App.5th at page 1104: "[T]here is nothing ambiguous in the language of Senate Bill 1437, which, in addition to the omission of any reference to attempted murder, expressly identifies its purpose as the need 'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' [Citation.] Had the Legislature meant to bar convictions for attempted murder under the natural and probable consequences doctrine, it could easily have done so."

"The Legislature's obvious intent to exclude attempted murder from the ambit of the Senate Bill 1437 reform is underscored by the language of new section 1170.95, the provision it added to the Penal Code to permit individuals convicted before Senate Bill 1437's effective date to seek the benefits of the new law from the sentencing court. Section 1170.95, subdivision (a), authorizes only those individuals 'convicted of felony murder or murder under a natural and probable consequences theory' to petition for relief; and the petition must be directed to 'the petitioner's murder conviction.'

5

Similarly, section 1170.95, subdivision (d)(1), authorizes the court to hold a hearing to determine whether to vacate 'the murder conviction.'" (*Lopez, supra*, 38 Cal.App.5th at pp. 1104-1105.)

"The plain language meaning of Senate Bill 1437 as excluding any relief for individuals convicted of attempted murder is fully supported by its legislative history. [Citations.] When describing the proposed petition process, the Legislature consistently referred to relief being available to individuals charged in a complaint, information or indictment 'that allowed the prosecution to proceed under a theory of first degree felony murder, second degree felony murder, or murder under the natural and probable consequences doctrine' and who were 'sentenced to first degree or second degree murder.' [Citation.] In addition, when discussing the fiscal impact and assessing the likely number of inmates who may petition for relief, the Senate Committee on Appropriations considered the prison population serving a sentence for first and second degree murder and calculated costs based on that number. [Citation.] The analysis of potential costs did not include inmates convicted of attempted murder." (*Lopez, supra*, 38 Cal.App.5th at p. 1105.)

We adopted this reasoning in *Dennis, supra*, 47 Cal.App.5th at pages 845-846. We further rejected the reasoning of *People v. Medrano, supra*, 42 Cal.App.5th 1001, and the cases following it as flawed. (*Dennis*, at p. 846.)

We have not been persuaded to change our view, and continue to join the majority of courts in concluding that murder is not within the ambit of section 1170.95. The statute is clear on its face, and we cannot add language the Legislature itself chose not to include. We further concur with *Lopez, supra*, 38 Cal.App.5th at pages 1107-1112, that the Legislature's choice not to include attempted murder within the ambit of section 1170.95 does not violate equal protection principles. "The remedy for any potentially inequitable operation of section 1170.95 lies with the Legislature. If the Legislature concludes it is unwise or inequitable to exclude attempted murderers from Senate Bill

6

1437's reach, it has only to amend the law." (*Munoz*, *supra*, 39 Cal.App.5th at pp. 759-760.)

Circling back to the issue of appointment of counsel, we conclude defendant's petition was deficient because he was not convicted of first or second degree murder. (§ 1170.95, subd. (a).) We reject any contention that because his petition claimed he had suffered such a conviction, the court was required to accept defendant's statement despite the fact that it was clearly wrong. He was convicted of attempted murder, not murder. Moreover, at a minimum, because he was not entitled to relief as a matter of law, any failure to appoint counsel was harmless. (*People v. Daniel*, *supra*, 57 Cal.App.5th at p. 673.) Accordingly, the trial court did not err either by denying the appointment of counsel and holding a hearing, or by concluding that section 1170.95 does not apply to attempted murder.

## III

## DISPOSITION

The order is affirmed.

MOORE, J.

WE CONCUR:

O'LEARY, P. J.

IKOLA, J.

7